JOSEPH ROMANO *vs.* CARL NAPOLITANO
*d.b.a.* CARL'S FUR SHOP.

JULY 29, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. In this original petition brought under the workmen's compensation act, general laws 1938, chapter 300, the petitioner is seeking compensation from the respondent for total incapacity by reason of having contracted out of and in the course of his employment a certain skin disease. After a hearing in the superior court the petition was denied and dismissed, and the petitioner duly prosecuted his appeal to this court.

It appears from the evidence that the petitioner is a fur finisher by occupation. In December 1943 he first contracted a dermatitis or inflammatory process of his skin on the finger tips of both hands while employed in Glad-

ding's fur shop where he had worked continuously for some years. The effect of this dermatitis was to cause scales between his fingers which were also made somewhat stiff and sore. In January 1944 he was patch tested by his physician with several varieties of fur and one was found to be positive but the others were negative. It is agreed that in July 1945 the respondent, who had been the foreman in Gladding's fur shop, purchased that business and thereafter conducted it independently as his own, and the petitioner was thereafter employed by him. In spite of the presence of the above-described dermatitis the petitioner, by means of frequent medical treatments and the use of gloves, continued to work steadily at his occupation from December 1943 to February 8, 1947 when he was advised by his physician to rest his hands for six months. He remained out of work until October 6, 1947 when he resumed his employment with the respondent. Under the instant petition he is asking for compensation for total disability only for the period between February 8 and October 6, 1947.

In the decree appealed from the trial justice found that the petitioner contracted the dermatitis in question in 1943 as a result of contact with furs while employed by a person other than the respondent; that the petitioner entered the latter's employ July 1, 1945; that he was totally disabled from February 8 to October 6, 1947 as a result of such skin infection; that "such disease was contracted by the petitioner more than twenty-four months previous to the date of disablement, and that such disease continued uninterruptedly from December, 1943 up to February 8, 1947 except that during said period there were occasions when the evidence of the disease was not apparent and occasions when it was apparent."

By reason of such findings the trial justice held that the petitioner was barred, by the provisions of art. VIII, §4, of the workmen's compensation act, from receiving compensation from the present respondent under this petition. That

section reads as follows: "Neither the employee nor his dependents shall be entitled to compensation for disability or death resulting from such occupational disease, unless such occupational disease is due to the nature of his employment and was contracted therein, or in a continuous employment similar to the one in which he was engaged at the time of his disablement, within 24 months previous to the date of disablement, whether under one or more employers. The time limit for contraction of the occupational disease prescribed by this section shall not bar compensation in the case of an employee who contracted such occupational disease in the same employment with the same employer by whom he was employed at the time of his disablement, and who had continued in the same employment with the same employer from the time of contracting such occupational disease up to the time of his disablement thereby."

Among the occupational diseases or conditions referred to in §4 and listed in the schedule contained in §2 of said article to be treated as a happening of a personal injury by accident within the meaning of chap. 300, is "29. Dermatitis (venenata)" which, according to testimony herein, means dermatitis from contact. Section 2 also contains the provision that "the procedure and practice provided in this chapter shall apply to all proceedings under this article, *except where specifically otherwise provided herein.*" (italics ours)

An examination of the transcript shows clearly that there is legal evidence to support the findings of fact made by the trial justice, and therefore in the absence of fraud such findings become conclusive under the terms of the act, art. III, §6, and our decisions thereunder. Matters relating to the details of the petitioner's employment were not disputed. It also appears from the testimony of the specialist in skin diseases, who attended and treated the petitioner more or less continuously from December 1943 when he first contracted the dermatitis up to the time of the superior

court hearing, and from the testimony of the doctor appointed by the director of labor as an impartial examiner that at no time during the above period was the petitioner ever entirely free of the dermatitis or cured therefrom although there were occasions when the symptoms of the disease were lessened. His physician testified in substance that there were periods when the petitioner was well but they would be followed by recurrences, but no reinfections, of the dermatitis. The impartial examiner's report stated that from the history obtained from the petitioner an eruption appeared on his hands in December 1943 and had continued up to the time of the examination on May 2, 1947 with periods of improvement and relapse.

The petitioner nevertheless contends that the trial justice was in error in holding that §4 of art. VIII acted as a bar to the recovery of compensation in this cause even if the above findings of fact were correct. He argues in substance that such section should be liberally construed so that the twenty-four months therein referred to should begin to run, not from the time the dermatitis was contracted, but from the time it actually disabled the petitioner from working, which date in this instance was February 8, 1947. If this were the case the instant petition, which was filed May 16, 1947, would be within twenty-four months from such disablement. The petitioner calls our attention to the fact that an analogous holding was made in *Rosa* v. *George A. Fuller Co.*, 74 R. I. 215, where this court, following a substantial line of authority, construed that portion of the workmen's compensation act wherein it was required that ordinarily a petition must be filed "within 2 years after the occurrence of the injury," G. L. 1938, chap. 300, art. III, §17, as meaning that the petition should be filed within two years after the injury first gives rise to a cause of action, that is, when it incapacitates the employee from earning full wages for at least three days.

Unquestionably it is well settled that this court will construe the workmen's compensation act, which is a remedial

statute, liberally so as to effectuate its particular purposes. *Condon* v. *First National Stores, Inc.*, 65 R. I. 129, and cases cited. When, however, the language of the act is clear, unambiguous and comprehensive the court must give such language its ordinary and usual meaning. *George A. Fuller Co.* v. *Ryan*, 69 R. I. 347. Any further liberalization which is beyond the reasonable limits of judicial consideration must be left to the legislature. *George A. Fuller Co.* v. *Schacke,* 71 R. I. 322. With these principles in mind we are of the opinion that the decision in the *Rosa* case, *supra*, is not applicable or controlling in the instant cause. Also, the case of *Paplauskas* v. *Reynolds Machinery Co.,* 71 R. I. 297, cited to us by the petitioner, is plainly distinguishable from the matter now before us. That case was treated as one involving only a disabling hernia caused by accident and the court expressly did not consider questions relating to an occupational hernia.

The statute which was under consideration in the *Rosa* case turned chiefly upon the meaning of the word "injury" which was reasonably open to two constructions and thus was to some extent ambiguous. In the present cause, however, the language in the statute which we are passing upon, art. VIII, §4, is in our judgment clear and unambiguous and therefore must be given its ordinary meaning. The first part of that section specifies generally the circumstances, including the time limit, within which a petition for compensation for disability or death resulting from certain occupational diseases must be brought. The section is in the nature of a statute of limitations. It provides in substance that in order for a petitioner to obtain compensation the occupational disease must be due to the nature of his employment and must be contracted therein, or in a continuous employment similar to the one he was engaged in when he was disabled, "within 24 months previous to the date of disablement whether under one or more employers."

The second sentence of that section is in the nature of

a saving clause and exempts the disabled employee from the limitation, provided he contracted the disease in *the same employment with the same employer* by whom he was employed at the time of his disablement, and continued in such employment with the same employer to the time of his disablement. Whether the petitioner here is entitled to the benefit of that saving clause has created a difficult problem. On the undisputed evidence it seems clear that he did not change either the nature or place of his work between the time he first contracted the occupational disease from which he is admittedly suffering and the time he became disabled therefrom, although during that period his original employer had sold the shop to the present employer. The result of that transaction was that although petitioner himself had no part in initiating such change he was working for a different employer.

We are uncertain whether the legislature intended that an employee in such circumstances should be deprived of the benefit of the saving clause, and yet it used such clear and explicit language in marking out the area within which such clause should operate that it is impossible for this court to disregard it without doing some violence to the plain wording of the statute. Even applying thereto a liberal construction does not, in our opinion, permit us to disregard the plain meaning of the words "in the same employment with the same employer." The legislature has coupled the two phrases together, both are part of the statute, and we must assume that it was for the definite purpose of limiting the number of those who would be entitled to the benefit of the saving clause. However, if the legislature overlooked a situation like the instant one it is within their province not ours to supply a corrective if they deem it advisable.

Upon consideration we are of the opinion that the decision of the trial justice was correct, and that under the facts as found by him §4 was a bar to the bringing of

the instant petition. The language of the first part of that section clearly provides that in such circumstances the occupational disease in question must be contracted within twenty-four months previous to the petitioner's disablement. The facts as found by the trial justice did not meet this requirement. The dermatitis was contracted in December 1943 and the petitioner's disablement was on February 8, 1947.

Elsewhere provisions in workmen's compensation acts similar to §4 of our act, except as to the number of months required prior to disablement, but not under the same circumstances as in the case at bar, have received such a construction as we are placing upon that section. *Crowley* v. *Yonkers Herald Publishing Co.*, 275 N. Y. 571; *Ruffertshafer* v. *Gage Coal Co.*, 291 Mich. 254. Furthermore, in *Condon* v. *First National Stores, Inc.*, *supra*, we used the following language at page 138 of the opinion in sustaining an award of compensation under the facts of that case: "This is particularly so where, as here, the petitioner seeks compensation from actual disablement as a result of hernia from strain, where said strain, hernia and disablement all occurred well within the twenty-four months' period set out in §4 as a special statute of limitation relating to disablement from such occupational disesases and conditions as are contemplated in §§1 and 2."

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Marcello A. Tropea,* for petitioner.

*Boss & Conlan, James C. Bulman,* for respondent.