IRENE E. VEZINA *vs.* ALEXANDER BODREAU.

JULY 11, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a complaint brought by Irene E. Vezina in accordance with the provisions of general laws 1938, chapter 424, as amended, to compel the respondent to support a child, born out of wedlock, of which he is alleged to be the father. A trial by jury having been waived by both parties, the complaint was heard by a justice of the superior court who rendered a decision in favor of the complainant.

As a part of his decision the trial justice made the following findings of fact: that complainant had proved by a fair preponderance of the evidence that respondent is the father of the child; that prior to August 1955 complainant resided in the city of Pawtucket in this state; that in August 1955 she went to Attleboro in the Commonwealth of Massachusetts where she has since continuously resided; that the child was born in Taunton, Massachusetts, on or about October 31, 1955; that since August 1955 neither complainant nor the child has at any time resided in the state of Rhode Island; and that complainant on December 7, 1955 personally appeared before a justice of the juvenile court in this state and swore to the complaint charging respondent with being the father of the child. The trial justice also ruled that the words "residing and belonging in the City of Pawtucket," which appeared in the complaint, are unnecessarily pleaded and, therefore, do not have to be proved.

In his decision the trial justice also ordered respondent to pay complainant $156.75 to reimburse her for medical and hospital expenses; that he pay her solicitor a counsel fee and all costs of prosecution; and that he pay $10 per week for the support of the child.

The respondent has prosecuted a bill of exceptions to this court containing six separate exceptions. The first

three raise substantially the same issue, namely, whether complainant was within the state of Rhode Island within the meaning of the provisions of chap. 424, as amended, thereby vesting jurisdiction of the subject matter of the instant complaint in the superior court. The fourth exception is to the order of the trial justice directing respondent to pay $10 per week for the child's support and also ordering him to reimburse complainant for money expended for her medical and hospital expenses, and to pay a counsel fee to her solicitor. The fifth exception is to the decision of the trial justice, and the sixth exception is to his ruling that the words "residing and belonging in the City of Pawtucket" are unnecessarily pleaded and therefore do not have to be proved.

In substance respondent's exceptions are all based on his contention that the decision of the trial justice is clearly wrong both as to findings of fact and to his ruling applying the provisions of public laws 1953, chap. 3063, to the facts of the instant case. He claims that the superior court lacks jurisdiction of the subject matter of the instant complaint, because P. L. 1949, chap. 2322, section 1, does not apply to the facts here. The pertinent provisions of the latter statute are "or whenever complaint in writing and under oath shall be made *by any woman within the state* who has been delivered of an illegitimate child * * * and naming the father of such child, such justice may issue his warrant * * * ." (italics ours)

After a careful reading of the transcript, it is our opinion that there is sufficient evidence to sustain all the findings of fact made by the trial justice, including the finding that respondent is the father of the child. The evidence was sufficient to furnish a reasonable basis for the trial justice's order relative to the payments ordered to be made by respondent. P. L. 1953, chap. 3063, sec. 6. This being so, it is our opinion that the fourth exception is without merit.

The determination of the issues raised by the remaining

exceptions depends entirely upon the meaning of the words "any woman within the state" as these words appear in chap. 2322, section 1. Those words as used therein by the legislature have a plain meaning. It is elementary that courts only determine by construction the scope and intent of a law when the law itself is ambiguous or doubtful. If a law is plain, and within the legislative power, it declares itself and nothing is left for interpretation. Where language is clear and unambiguous, it will be given its ordinary meaning. *Romano* v. *Napolitano*, 75 R. I. 512.

Under G. L. 1938, chap. 424, §1, as it existed prior to 1949, only the director of public welfare of any town or a person designated and appointed by the director of the state department of public welfare could bring a complaint for the arrest of a putative father. But chap. 424 was amended in its entirety by P. L. 1949, chap. 2322, which was further amended by P. L. 1953, chap. 3063. It is our opinion that the legislature intended by the enactment of chap. 2322 to create a new cause of action and to grant a new right to any woman within this state who is the mother of an illegitimate child or an expected illegitimate child to bring a complaint, without regard to the domicile or residence of the mother or the child, provided she makes the complaint within the state.

It is therefore our opinion that chap. 2322, section 1, applies to the facts of the instant case. Therefore the trial justice did not err in ruling that the superior court had jurisdiction inasmuch as the complaint was made by a woman actually within the state who had otherwise met all the other requirements of chap. 424, as amended.

It has been well established that domicile once acquired is presumed to continue until the contrary is shown. Whether or not there was a change of domicile in the instant case depends on the facts in evidence. Our examination of the record has convinced us that there is sufficient evidence to sustain the finding of the trial justice

that the domicile of complainant had not been changed by her, notwithstanding the finding that she has resided in Attleboro, Massachusetts, from August 1955 to October 31, 1955.

In view of our opinion that complainant has the right under chap. 2322, section 1, to bring the instant complaint, it necessarily follows that respondent's sixth exception has no merit. The words "residing and belonging in the City of Pawtucket" are superfluous and therefore the trial justice did not err in ruling as he did. See *DePaola* v. *National Ins. Co.*, 38 R. I. 126, 139, where this court stated: "It is well settled that surplusage may be disregarded."

This court has consistently held that the decision of a trial justice, sitting without a jury, should not be disturbed unless he is clearly wrong or has misconceived the evidence or the law applicable thereto. We are of the opinion that there is nothing in the instant record which would justify us in disturbing his decision on any of such grounds.

All of the respondent's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

FLYNN, C. J., did not participate in the decision.

*John F. McBurney*, for complainant.

*Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, Joseph Palmieri*, for respondent.