JOSEPH F. LONG *vs.* HAROLD V. LANGLOIS, *Warden.*
ROBERT THOMAS CARROLL *vs.* HAROLD V. LANGLOIS, *Warden.*
RONALD MARSHALL *vs.* HAROLD V. LANGLOIS, *Warden.*

MAY 18, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

24

HABEAS CORPUS petitions seeking release from maximum security section of adult correctional institutions on the ground petitioners are illegally held therein.

FROST, J.   These are three petitions for habeas corpus directed to the warden of the adult correctional institutions. Each petitioner was committed under G. L. 1956, §14-1-36, to the Rhode Island training school for boys by a judge of the juvenile court, was thereafter transferred to the adult correctional institutions by order of the assistant director of social welfare in charge of correctional services, and is now confined in the maximum security section of said institutions.   In each case the petitioner contends that he is illegally detained in such section and seeks release from restraint forthwith.

The issue is the same in each petition: Did the assistant director of social welfare have the power to order the removal of petitioners to the adult correctional institutions?

The respondent contends that by virtue of G. L. 1956, §13-1-1, the person who has authority over the Rhode Island training school for boys and the adult correctional in-

stitutions is the assistant director of the department of social welfare in charge of correctional services. The final sentence of §13-1-1 is: "The said assistant director, in his discretion, may transfer any inmate of any of the institutions under his supervision to any other of such institutions for the better care of such person." And the respondent asserts further that specific authority to transfer from the Rhode Island training school for boys to the adult correctional institutions is given by G. L. 1956, §13-4-12, which reads as follows:

> "Transfer of inmates to and from other institutions. —The assistant director of social welfare in charge of correctional services may in his discretion transfer any inmate of the training school for boys to the adult correctional institutions when he believes that such transfer will best serve the purpose of reforming such inmate, and in like manner in his discretion may transfer any inmate of said institutions to the training school for boys."

The petitioners urge that their present place of confinement is in violation of the fifth, sixth and fourteenth amendments to the United States constitution and the provisions of article I, sec. 10, of the constitution of Rhode Island, in that they are denied due process; that the present place of confinement is a prison; that they were committed without opportunity to defend; and that they were not committed to the present place of confinement through legal process of law in that at no time were they presented before a justice who authorized anyone to deliver them to the warden of said institutions.

The grounds alleged by petitioners arising directly out of the provisions of the constitutions, federal and state, require little discussion. These petitioners are minors under the age of twenty-one years who, while held in custody, are not held as persons convicted of breaking the city or state criminal laws. When released they will have no criminal records. G. L. 1956, §14-1-40. They have been removed

from their own homes only because their welfare, the safety and protection of the public could not be adequately safeguarded without such removal. G. L. 1956, §14-1-2.

The petitioners take nothing by reason of any of the constitutional provisions already referred to and relied on by them.

As to their assertions that they were committed without opportunity to defend, it may be said that even in the juvenile court they were permitted to have counsel and, if without means to employ counsel, were permitted to have the assistance of the public defender. G. L. 1956, §14-1-31.

These grounds have been referred to because they were raised by the petitioners individually in their petitions.

The more pertinent issue is that raised by their counsel in his argument before this court as already stated. It must be assumed that the judge of the juvenile court when committing these petitioners to the training school for boys was cognizant of the provisions of the general laws relating to change of inmates from such school to the institutions.

One of the petitioners cites *State* v. *Garnetto,* 75 R. I. 86, thereby meaning to assert, as we assume, that the statute permitting the assistant director of social welfare in charge of correctional services to change the place of confinement of petitioners from the place to which they had been committed by a judge of the juvenile court to another place of confinement was unconstitutional in that it was an improper interference by the legislature with a judgment or sentence of the juvenile court. We are of the opinion that there is no merit in such contention. The statute permits no interference with the sentence proper but only permits a change of place of confinement when made necessary by the conduct of the person sentenced.

The position of respondent on the question of the right to transfer petitioners is strongly supported by the case of *Sheehan, Petitioner,* 254 Mass. 342. In that case it appeared that Sheehan, a minor, on his plea of guilty to a

charge of breaking and entering a building and committing larceny therein, was committed to the industrial school for boys at Shirley for his minority or until discharged by law; that he escaped therefrom and committed depredations; and that he was transferred by the trustees of the school to the reformatory at Concord. He contended that such transfer was an attempt to infringe upon the judicial by the legislative department of government and was an interference with a sentence imposed by the court. The court rejected such contention and held that the existing pertinent statutes authorizing transfer were read into and made a part of the sentence. They stated at page 346: "There was, however, incorporated into that sentence, as an integral part, the condition that if he proved unmanageable or unfit for the mild treatment of the industrial school, he might be transferred by the proper executive officers to the Massachusetts Reformatory." The court stated further that the question whether Sheehan was unmanageable was administrative in essence, and was not an interference with but a part of the sentence. They also held there was no violation of due process of law nor any interference with any constitutional right secured to the petitioner.

However, the petitioners in the instant case insist that G. L. 1956, §13-4-12, was never intended to apply to those persons under the Juvenile Court Act who were committed until further order of the court. G. L. 1956, §14-1-42. There appears nothing in the language of §13-4-12, expressed or implied, to suggest that it excludes those inmates of the training school for boys who had been committed by a judge of the juvenile court. The words are, "* * * may in his discretion transfer any inmate of the training school for boys * * *." The language could hardly be clearer or more inclusive. When a statute is clear there is no room for interpretation. *Carpenter* v. *Rhode Island Co.,* 36 R. I. 395.

This statute, far from defeating the purpose of the juvenile court which is to reform minors brought before it, is

designed to aid by giving the right to the assistant director of social welfare to transfer from the school those who, by their actions, are failing to reform and are hurting the rest of the school. We find no language in the Juvenile Court Act which forbids such transfer. It provides that prior to commitment children shall be kept apart from criminal, vicious or dissolute persons. G. L. 1956, §14-1-26. After commitment to the school a boy is, in a sense, on his own and his conduct must to a degree determine where he shall remain. If removal of a boy by reason of his conduct is determined upon as a means of saving him or the rest of the school or both, such determination would appear to be in harmony with the purposes of the juvenile court.

In our opinion each petitioner is being legally detained. While we must deny the petitions it is proper to point out that the petitioners are at all times subject to the jurisdiction of the juvenile court and a judge of that court may be appealed to for modification of the order of commitment when it appears there is basis for such action. G. L. 1956, §14-1-42.

In each case the petition for habeas corpus is denied and dismissed and the writ heretofore issued is quashed.

ROBERTS, J. and POWERS, J. concur in the result.

*Leo P. McGowan,* Public Defender, *Paul E. Kelley,* Assistant Public Defender, for petitioners.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for State.