Klonoski v. Mahlab                    CV-95-153-M    12/21/95
                    UNITED STATES DISTRICT COURT FOR THE
                         DISTRICT OF NEW HAMPSHIRE


Richard F. Klonoski, Individually and in
   His Capacity as Administrator of
   The Estate of Jolanta K. Klonoski;
Brian Klonoski, Through His Father and
   Next of Kin, Richard F. Klonoski;
Karina Klonoski, Through Her Father and
   Next of Kin, Richard F. Klonoski;
Caroline Klonoski, Through Her Father and
   Next of Kin, Richard F. Klonoski,
      Plaintiffs,

      v.                                          Civil No. 95-153-M

Benjamin Mahlab, M.D.; Eric Sailer, M.D.;
Hitchcock Clinic, Inc.; and
Mary Hitchcock Memorial Hospital, Inc.,
      Defendants.


                              O R D E R


      Plaintiffs, Richard, Brian, Karina, and Caroline Klonoski,

bring this action against defendants, Benjamin Mahlab, M.D., Eric

Sailer, M.D., Mary Hitchcock Memorial Hospital, Inc., and

Hitchcock Clinic, Inc., for injuries arising out of the death of

Jolanta Klonoski, the wife of Richard and the mother of Brian,

Karina, and Caroline.  This court's jurisdiction is based on

diversity of citizenship.  28 U.S.C. § 1332.  Presently before

the court is the plaintiffs' motion for certification of a

controlling question of state law to the New Hampshire Supreme Court.

## I.  FACTUAL AND LEGAL BACKGROUND

Count III of plaintiffs' complaint is brought by the three minor children of Jolanta Klonoski and seeks damages for the loss of their mother's love, companionship, society, comfort, support, affection, solace, care, income, and services.  In short, the Klonoski children seek to recover for the loss of their mother's consortium.  Defendants assert as an affirmative defense that New Hampshire law does not recognize a cause of action for loss of parental consortium.

No New Hampshire statute or precedent explicitly recognizing a cause of action for loss of parental consortium has been brought to the court's attention.  Plaintiffs, however, claim that the New Hampshire Supreme Court would recognize this cause of action if presented with the opportunity to do so and, accordingly, request this court to certify pursuant to Rule 34 of the New Hampshire Supreme Court Rules the following issues:

> 1.  Under New Hampshire law, may children recover for the loss of a parent's love, society, companionship, support, comfort, services, income, affection, solace, and care where that loss has been caused by the negligence of defendant(s)?

2

2.  If so, what measure and elements of damages are to be included in the children's recovery?

For the reasons discussed below, plaintiffs' request is denied.


## II.  DISCUSSION

Whether to certify a state law issue to the state's highest court is discretionary.  <u>Lehman Bros. v. Schein</u>, 416 U.S. 386, 391 (1974); <u>Fischer v. Bar Harbor Banking & Trust Co.</u>, 857 F.2d 4, 7 (1st Cir. 1988), <u>cert. denied</u>, 489 U.S. 1018 (1989); <u>Nieves ex rel Nieves v. University of Puerto Rico</u>, 7 F.3d 270, 275 (1st Cir. 1993).  Certification is generally appropriate when the legal question is novel, and the state's law on the question is unsettled.  <u>Lehman Bros.</u>, 416 U.S. at 391.  The question plaintiffs seek to certify is not particularly novel, having been addressed several times since 1988 by this court and the state's trial courts.  <u>See</u> <u>Wood v. Sands Bros. Constr.</u>, No. C-91-640-L, slip op. (D.N.H. Sept. 29, 1992) (Loughlin, J.); <u>Lee v. Looser</u>, No. C-91-315-S, slip op. (D.N.H. July 22, 1992) (Stahl, J.); <u>Beringer v. Meadow Green-Wildcat Corp.</u>, No. C-90-001-L (D.N.H. Aug. 28, 1990)(Loughlin, J.); <u>Zekser v. Crisp</u>, No. 90-C-1697, slip op. at 9, Hillsborough County Super. Ct. Nov. 2, 1990); <u>Geis</u>

3

v. Garrison Medical Prof'l Assoc., No. 88-C-153, slip. op. at 1, (Strafford County Super. Ct. Oct. 7, 1988).

The condition of New Hampshire's law on the question of parental consortium is not particularly unsettled. While it is true that neither New Hampshire's Supreme Court nor its general court has directly addressed the precise issue at hand, the absence of an on point statute or a definitive ruling by the state's highest court does not necessarily compel certification. Fischer, 857 F.2d at 7; Transamerica Ins. Co. v. Duro Bag Mfg., 50 F.3d 370, 372 (6th Cir. 1995). Rather, "in the absence of a definitive ruling by the highest state court, a federal court may consider analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." Fischer, 857 F.2d at 7 (internal quotations omitted). Those courts that have considered the question have determined that New Hampshire law does not recognize a cause of action for loss of parental consortium. See Wood, No. C-91-640-L, slip op. (D.N.H. Sept. 29, 1992); Lee, No. C-91-315-S, slip op. (D.N.H. July 22, 1992); Beringer, No. C-90-001-L (D.N.H. Aug. 28, 1990); Zekser, No. 90-C-1697, slip op. at 9, Hillsborough County Super. Ct. Nov. 2, 1990); Geis, No. 88-C-153, slip. op. at 1, (Strafford County

4

Super. Ct. Oct. 7, 1988). But see Duggan v. Fortin Rental Equip., No. C-89-375-L, slip. op. (D.N.H. Dec. 20, 1989) (Loughlin, J.) (declining to decide whether New Hampshire would recognize cause of action for loss of parental consortium and labelling it a "close question"). In addition, in the analogous case of Siciliano v. Capitol City Shows, 124 N.H. 719, 475 A.2d 19 (1984), the New Hampshire Supreme Court declined to recognize a cause of action allowing parents to recover for the loss of consortium in an action for the wrongful death of their child. Id. at 728. Many of the policies supporting that decision are equally applicable here. See id. at 726-29.

Finally, it should be reiterated that a party who chooses the federal forum in a diversity action, as plaintiffs have done here, "is in a peculiarly poor position to seek certification." Fischer, 857 F.2d at 8 (quoting Cantwell v. University of Massachusetts, 551 F.2d 879, 880 (1st Cir. 1977)). A federal court "should be wary of certification where [the] requesting party merely seeks to persuade [the] state court to extend current state law." Nieves, 7 F.3d at 278 (citing Venezia v. Miller Brewing Co., 626 F.2d 188, 192 n.5 (1st Cir. 1980)).

In a case such as this, where the interpretive signposts of state law are, at present, relatively clear and unambiguous,

certification to the New Hampshire Supreme Court would be inappropriate as an unwarranted burden on that court. <u>Armacost v. Amica Mut. Ins. Co.</u>, 11 F.3d 267, 269 (1st Cir. 1993). Therefore, plaintiffs' motion for certification to the New Hampshire Supreme Court is denied.

## III. CONCLUSION

For the reasons set forth above, the court declines to certify plaintiffs' question of law to the New Hampshire Supreme Court. Accordingly, plaintiffs' motion for certification to the New Hampshire Supreme Court (Document no. 7) is denied.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

December 21, 1995

cc: Donald J. Williamson, Esq.
    Joan A. Lukey, Esq.
    Ronald L. Snow, Esq.
    James P. Bassett, Esq.

6