USCA1 Opinion

 

 United States Court of Appeals For the First CircuitNo. 98-1653 MAX HUGEL, Plaintiff, Appellant, v. MILBERG, WEISS, BERSHAD, HYNES & LERACH, LLP, GOLD, BENNETT & CERA, LLP,  SHAPIRO, HABER & URMY, LLP, AND WOLF, POPPER, LLP,  Defendants, Appellees.  APPEAL FROM THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF NEW HAMPSHIRE  [Hon. Steven J. McAuliffe, U.S. District Judge]  Before  Lynch, Circuit Judge, Coffin and Campbell, Senior Circuit Judges.   Andrew D. Dunn with whom Daniel E. Will was on brief forappellant. William L. Chapman with whom Pamela E. Phelan was on brief forappellees.April 12, 1999   COFFIN, Senior Circuit Judge. Appellant Max Hugelcontends that he was defamed by allegations in a complaint filed ina federal securities fraud lawsuit (the "Presstek litigation") towhich he was not a party. He brought suit in state court seekingdamages for defamation and legal malpractice. The defendants, fourlaw firms, removed the case to federal court and then moved todismiss. Concluding that neither of Hugel's claims was viable, thedistrict court granted the motion. The court wrote a thoughtfulopinion recognizing that certain aspects of the defamation claimwere close, but explaining that the privilege given by NewHampshire law to statements made in judicial proceedings protectedthe challenged allegations. We agree with the court's reasoning onthat issue, and see no need to reiterate its analysis. We add onlya few brief comments. We also hold that, because the privilegebars any civil damages based on protected statements, the districtcourt properly dismissed the malpractice claim as well.A. Defamation Claim As the district court recognized, New Hampshire lawprovides "very broad protection" to statements made in the courseof judicial proceedings. See Order at 9. A statement fallsoutside the privilege only if it is "'so palpably irrelevant to thesubject matter of the controversy that no reasonable man can doubtits irrelevancy or impropriety,'" McGranahan v. Dahar, 408 A.2d121, 126 (N.H. 1979) (citation omitted), and all doubts are to beresolved in favor of pertinency and application of the privilege,id. at 127. It is the breadth of this protection that persuadedthe district court that the privilege applied to all of thechallenged statements, though some of them "approach the protectivelimit of the privilege." Order at 8. We agree with the district court that certain of the objectionable statements in particular, those alleging organizedcrime links were connected only obliquely to the underlying fraudcharges. These allegations, however, were contained in abackground description of the intimate association between Hugeland a key Presstek litigation defendant, Robert Howard. The twomen served together as president and vice president of Howard'scompany, Centronics, and they allegedly engaged in reciprocal stockmanipulations for each other's benefit on five occasions. Theadditional allegation that Hugel was involved in organized crimereasonably may be viewed as more than an attempt to establish"guilt by association." In light of Hugel's close relationshipwith Howard, the allegation that Hugel had serious criminal ties,combined with the assertions that Centronics had dealings with LasVegas casinos that were linked to organized crime or "frequentlysubject to federal organized crime investigations," reinforces aninference that Howard was involved in ongoing, illegal activities. Such an inference is relevant to whether Howard knowinglyparticipated in the securities fraud charged in the Presstek lawsuit. Though characterizing Hugel as an organized crime figuremay have been at the margin of relevance, we cannot say that thestatements were so "palpably irrelevant" that, giving them thebenefit of any doubt, they fell outside the privilege. We wish to emphasize that, in rejecting appellant'sdefamation claim, we do not condone quick resort to reputation-harming allegations at the far reaches of relevancy. Here, thedefendants' decision to file an amended complaint deleting allreferences to Hugel raises some question as to their level ofcertainty regarding the original statements. Fed. R. Civ. P. 11(b)(3) imposes a duty on attorneys to certify that, "to the best of[their] knowledge, information, and belief, formed after an inquiryreasonable under the circumstances," the allegations and otherfactual contentions in a pleading have evidentiary support. Ensuring the integrity of their representations is a seriousresponsibility that attorneys may not take lightly, and we cautionagainst the deliberate or careless use of unsubstantiatedallegations, notwithstanding their relevance. B. Legal Malpractice Claim  Although the absolute privilege for statements made injudicial proceedings was recognized in McGranahan in the context ofa defamation claim, the language of that opinion, subsequent caselaw, and policy considerations make it clear that the privilegebars any civil claim for damages based on statements protected bythe privilege. In McGranahan, the court noted "the general rule .. . that statements made in the course of judicial proceedings areabsolutely privileged from civil actions, provided they arepertinent to the subject of the proceeding," 408 A.2d at 124(emphasis added). The court reiterated this general statement ofthe rule in another defamation case, Pickering v. Frink, 461 A.2d117, 119 (N.H. 1983), and recently confirmed it in a case raisingclaims of, inter alia, negligence, fraud, and intentionalinfliction of emotional distress, see Provencher v. Buzzell-PlourdeAss., 711 A.2d 251, 255 (N.H. 1998) (citing McGranahan andPickering). We thus think it clear that the Supreme Court of NewHampshire views the privilege to extend to any civil claim arisingfrom statements made in the course of a judicial proceeding. In addition to the explicit language to that effect, thepolicy underlying the privilege requires that civil claims otherthan for defamation also be extinguished. The rule's absolute bar"reflects a determination that the potential harm to an individualis far outweighed by the need to encourage participants inlitigation, parties, attorneys, and witnesses, to speak freely inthe course of judicial proceedings." McGranahan, 408 A.2d at 124. This policy would be nullified if individuals barred from bringingdefamation claims could seek damages under other theories ofliability. Moreover, as the district court observed, Hugel'smalpractice claim is, in essence, a claim that he was defamed byallegations in the Presstek complaint. In these circumstances,Hugel's malpractice claim unquestionably is barred by theprivilege. Compare Blanchette v. Cataldo, 734 F.2d 869, 877 (lstCir. 1984) (holding that similar privilege under Massachusetts lawbars any civil action based on the statements); Correllas v.Viveiros, 572 N.E.2d 7, 17-19 (Mass. 1991) ("A privilege whichprotected an individual from liability for defamation would be oflittle value if the individual were subject to liability under adifferent theory of tort."). C. Certification Hugel moved to certify both the defamation and legalmalpractice issues to the New Hampshire Supreme Court, claimingthat each implicates an unresolved question of state law. Wedisagree that there is any uncertainty warranting certification.  As discussed in Section A on the defamation issue, thestandard for evaluating statements made during the course ofjudicial proceedings is clear: an absolute privilege attaches ifthe statements are "pertinent to the subject of the proceeding,"see McGranahan, 408 A.2d at 124. Hugel's assertion thatcertification is necessary because the New Hampshire Supreme Courthas not had occasion to provide further guidance on the standardmisses the mark. As the district court recognized, "[w]hen statelaw is sufficiently clear to allow [a federal court] to predict itscourse, certification is both inappropriate and an unwarrantedburden on the state court." Order at 11 n.2 (citing Armacost v.Amica Mut. Ins. Co., 11 F.3d 267, 269 (lst Cir. 1993)). See alsoMarbucco Corp. v. Suffolk Construction Co., 165 F.3d 103, 105 (lstCir. 1999) ("It is inappropriate . . . to use certification 'whenthe course state courts would take is reasonably clear.'") (quotingPorter v. Nutter, 913 F.2d 37, 41 n.4 (lst Cir. 1990)). The NewHampshire court cannot be charged with failure to make its standardreasonably clear. Although we may err in applying that standard,we act within the range of discretion entrusted to us. The malpractice issue as we have resolved it involves asimilarly straightforward application of unambiguous state caselaw. There is no need for certification. Accordingly, the judgment of the district court isaffirmed.