Huang v. Boente

BIA
Balasquide, IJ
A205 034 012

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand sixteen.

PRESENT:
    RICHARD C. WESLEY,
    DEBRA ANN LIVINGSTON,
    DENNY CHIN,
        *Circuit Judges.*
_____

YIJING HUANG,
        *Petitioner,*

    v.                                          15-2191
                                                NAC
DANA J. BOENTE, ACTING UNITED
STATES ATTORNEY GENERAL,
        *Respondent.**
_____

FOR PETITIONER:            James A. Lombardi, Law Office of James
                           A. Lombardi, P.C., New York, N.Y.

FOR RESPONDENT:            Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Anthony

---

* The Clerk of Court is respectfully requested to amend the caption to conform to the above.

P. Nicastro, Assistant Director; S. Nicole Nardone, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yijing Huang, a native and citizen of China, seeks review of a June 16, 2015, decision of the BIA affirming a February 27, 2014, decision of an Immigration Judge ("IJ") denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yijing Huang,* No. A205 034 012 (B.I.A. June 16, 2015), *aff'g* No. A205 034 012 (Immig. Ct. N.Y. City Feb. 27, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Huang's, governed by the REAL

ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal quotation marks and citation omitted). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). For the following reasons, we conclude that substantial evidence supports the agency's determination that Huang was not credible.

The agency reasonably based the credibility determination

3

on inconsistencies among Huang's asylum interview statements, application, and testimony concerning the circumstances of his arrest and detention. *See Xiu Xia Lin*, 534 F.3d at 163-64.

First, Huang stated during his asylum interview that the police arrested him around 7:30pm, about a half an hour after his underground church service had begun. However, he testified that the service began at 5:00pm and that he was arrested at 6:00pm. When confronted with this discrepancy, Huang was initially nonresponsive and then stated that he could not remember his statement to the asylum officer. This response did not explain the inconsistency, and the agency was not compelled to accept it. *Majidi*, 430 F.3d at 80.

Second, Huang stated during his interview that his congregation was in the middle of singing a hymn when the police arrived. However, he testified and stated in his application that the police entered in the middle of a Bible reading. When confronted with this discrepancy, Huang was initially nonresponsive and then stated that he could not remember his interview statement. This response did not explain the inconsistency, and the agency was not compelled to accept it. *Majidi*, 430 F.3d at 80.

Third, Huang stated during his interview that his second interrogation lasted "only" 10 minutes. However, he testified

4

that this interrogation lasted "about 30 minutes." The agency was not compelled to accept Huang's explanations for this inconsistency. *Majidi*, 430 F.3d at 80.

Given the foregoing inconsistencies and the agency's proper rejection of Huang's corresponding explanations, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167. The agency reasonably concluded that the cumulative effect of the inconsistencies undermined Huang's credibility as to the sole incident of past harm alleged, and a reasonable adjudicator would not be compelled to conclude otherwise. *See Tu Lin*, 446 F.3d at 402; *Xiu Xia Lin*, 534 F.3d at 167.

We decline to consider Huang's unexhausted challenges to reliability of his asylum interview record, and he does not challenge the agency's determination that he did not independently establish a well-founded fear of persecution or his eligibility for withholding of removal or CAT relief on appeal.[1] *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104,

---

1 The Government mistakenly refers to Huang's asylum interview as a credible fear interview. Asylum and credible interviews are distinct interviews: they occur in different contexts and are therefore governed by different standards of reliability. *Compare Diallo v. Gonzales*, 445 F.3d 624, 63 (2d Cir. 2006) (asylum interviews), *with Ming Zhang v. Holder*, 585 F.3d 715,

122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Lastly, we reject Huang's argument that the IJ failed to consider his corroborating evidence in assessing credibility. The agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006), and "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006). Although the IJ did not individually analyze each piece of Huang's corroborating evidence, the IJ did state explicitly that he evaluated Huang's corroborating evidence in assessing his credibility and concluded that Huang "failed to establish by credible, detailed evidence that he in fact suffered past persecution." The record contains sufficient indication that the IJ considered Huang's corroborating evidence, and the IJ's failure to parse or refute each piece of evidence on the record

723-74 (2d Cir. 2009) (credible fear interviews).

does not compellingly suggest that it was ignored. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("We . . . require some indication that the IJ considered material evidence supporting a petitioner's claim."); *Wei Guang Wang*, 437 F.3d at 275; *Xiao Ji Chen*, 471 F.3d at 338 n.17.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7