Azab v. Garland

BIA
Thompson, IJ
A206 032 613

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> PIERRE N. LEVAL,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

IBRAHIM ABDELHADY AHMED AZAB,
> *Petitioner,*

v.                                                                      **21-6649**
                                                                        **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**     Yaniv Lavy, Feiner & Lavy, P.C., Phoenix, AZ.

**FOR RESPONDENT:**     Brian M. Boynton, Principal Deputy Assistant Attorney General; Jonathan Robbins, Assistant Director; Savanah K. Patterson, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ibrahim Abdelhady Ahmed Azab, a native and citizen of Egypt, seeks review of a December 9, 2021, decision of the BIA affirming a November 22, 2019, order of an immigration Judge ("IJ") denying Azab's motion to reopen. *In re Azab*, No. A 206 032 613 (B.I.A. Dec. 9, 2021), *aff'g* No. A 206 032 613 (Immig. Ct. N.Y. City Nov. 22, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Azab moved to reopen his removal proceedings to reapply for withholding of removal and CAT relief, presenting new evidence in support of his fear of arrest and torture as a member of the Muslim Brotherhood, and alleging that his former

2

counsel had rendered ineffective assistance.  The only decision before us is the denial of reopening.  *See Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 90 (2d Cir. 2001).  Accordingly, to the extent Azab directly challenges the fairness of the underlying proceedings, including his challenges to the IJ's grant of his former attorney's motion to withdraw, we do not reach those arguments.  We review the BIA's denial of a motion to reopen for abuse of discretion.  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

As an initial matter, Azab's argument that the agency failed to adequately explain its decision fails.  The agency must provide analysis sufficient for us to "discern its reasons for declining to afford relief."  *Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006).  Although the IJ did not provide independent reasoning, we consider the IJ's decision as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The agency's reasons for denying reopening are clear from the BIA's decision.

To obtain reopening based on new evidence, Azab had to show that his new evidence was "material and was not available and could not have been discovered or presented" at his merits hearing.  8 C.F.R. § 1003.23(b)(3); *see INS v. Abudu*, 485

3

U.S. 94, 104 (1988) (recognizing that failure to "introduce[] previously unavailable, material evidence" is an "independent ground[] on which the [agency] may deny a motion to reopen"). The agency did not abuse its discretion in concluding that Azab failed to make that showing.[1]

In support of reopening, Azab presented an expert report, news articles, a copy of a Muslim Brotherhood identification card, and a partially translated document about his brother. The expert report was created about a month after his October 2019 merits hearing, but it only discussed events predating the hearing and cited sources published before the hearing. Azab does not contend that the expert could not have created the report earlier, if he had been asked to do so. Likewise, the news articles Azab attached to his motion were published before the hearing. Azab has not explained whether the identification card was in his possession at the time of his hearing. It is not clear what the final document is or

---

[1] The Government argues that Azab did not demonstrate a material change in country conditions. While responsive to Azab's assertion that there had been a change in conditions in Egypt warranting reopening, Azab did not have to establish a change in country conditions to obtain reopening because his motion was timely and not number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i)–(ii). As discussed above, however, he was required to present previously unavailable evidence.

4

when it was created because it is not fully translated, and Azab has not explained when it came into his possession; but the document confirms his brother's September 2017 arrest, which predated his hearing by two years.

Azab argues that this new evidence was previously unavailable because his former counsel never told him he needed corroborating evidence, and his former counsel's withdrawal left him without enough time to get a new lawyer. But this argument does not establish that additional documents "could not have been discovered or presented" at his merits hearing. 8 C.F.R. § 1003.23(b)(3). Instead, they suggest a potential ineffective assistance of counsel claim.

To obtain reopening based on ineffective assistance of counsel, a movant must show that counsel's actions were unreasonable and caused prejudice, which requires a "*prima facie* showing that, *but for counsel's ineffectiveness*, [the movant] would have been eligible for . . . relief and could have made a strong showing in support of his application." *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (quotation marks omitted and emphasis added); *see also Paucar v. Garland*, 84 F.4th 71, 80–81 (2d Cir. 2023) (requiring movant to "show that, but for counsel's unprofessional errors, there is a reasonable probability the IJ would have granted

the relief . . . requested" (quotation marks omitted)).  Azab alleges that former counsel (1) moved to withdraw without cause, and without explaining the requirements for withdrawal to him; (2) filed the motion shortly before the merits hearing, leaving him without enough time to hire a different lawyer, and without informing him that he could move for a continuance to secure new counsel; and (3) failed to inform him of the need for corroboration or to otherwise prepare him for the merits hearing.

The agency did not exceed its discretion in denying reopening based on ineffective assistance of counsel because it could have reasonably concluded that Azab did not show a connection between his former counsel's conduct and his ability to present his claim to the IJ.  According to former counsel's motion to withdraw, he informed Azab of his intent to terminate representation by mail in June 2019.  Azab claims that he did not understand the letter, but conceded that he received notice of his counsel's motion to withdraw in August 2019.  He consulted at least three other lawyers before his October 2019 hearing, but was unable to retain one.  Azab apparently did not request a continuance, and he faults his former counsel for failing to inform him that he could request one.  However,

6

Azab's affirmation reflects that he knew he could request a continuance, as he asserts that the other lawyers he consulted told him that former counsel should have advised him of his right to request a continuance.

Given this timeline, Azab has not shown that his failure to prepare for his October 2019 hearing differently is attributable to his former counsel.[2] To the extent that Azab argues that there was no proper ground for withdrawal, that the procedural requirements for withdrawal were not satisfied, and that he was not given an opportunity to refute former counsel's assertions in the motion to withdraw before it was granted, the thrust of these arguments is that the IJ erred in granting the motion to withdraw—a matter not directly before us because Azab did not timely appeal or petition for review from the underlying removal order. *See Ke Zhen Zhao*, 265 F.3d at 90.

In sum, the agency did not abuse its discretion in denying reopening because it sufficiently explained its reasoning, and Azab failed to present

---

[2] The BIA's findings that Azab did not present previously unavailable evidence or establish ineffective assistance were dispositive. The BIA did not address and we do not consider whether Azab would have been eligible for relief and "could have made a strong showing in support of his application" if counsel had helped him prepare differently. *Scarlett*, 957 F.3d at 326.

previously unavailable evidence in support of his application or to demonstrate that former counsel's allegedly ineffective conduct affected his ability to present his claim. *Abudu*, 485 U.S. at 104; *Scarlett*, 957 F.3d at 326; *Wei Guang Wang*, 437 F.3d at 275.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court