ALICE KASTAL *vs.* HICKORY HOUSE, INC.

JANUARY 14, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for certiorari to review a decision of the superior court denying a stay of execution as to interest added by the clerk of that court to a judg-

ment for the plaintiff in the above-entitled action of trespass on the case for damages. On the ground that the trial justice abused his discretion in allowing the execution to issue and that it had no adequate remedy at law for a review thereof the defendant filed the instant petition. The allegations therein prompted us to issue the writ and bring up the record of the case for our inspection.

In compliance with the mandate of the writ the clerk of the superior court has made due return thereof and has certified such record here. It appears therefrom that plaintiff commenced her action by a writ of trespass on the case dated May 23, 1957; that after repeated delays of one kind or another the case proceeded to trial on the merits on March 13, 1962; that it resulted in a verdict for plaintiff in the amount of $5,000; that after judgment was entered thereon the clerk issued an execution for $6,545.20, being the amount of the judgment plus interest thereon from the date of the writ which the clerk added pursuant to G. L. 1956, §9-21-10; and that defendant moved to recall the execution, it having been issued while the motion to stay was pending before the superior court.

It further appears from the record that the trial justice heard both motions together and at the hearing thereon defendant contended that plaintiff was not entitled to the benefit of §9-21-10 because she had caused most of the long delay prior to trial and therefore in justice and fairness she should not be allowed to profit thereby. The trial justice declined to pass upon the merits of such contention on the ground that he was without power to do so in view of the mandatory language of §9-21-10 imposing upon the clerk the duty of adding interest from the date of the writ. In concluding his decision he based it squarely on the view that in the circumstances he had no authority to stay or to quash the running of interest, either in whole or in part.

The defendant contends that such decision was a clear abuse of the trial justice's discretion to allow or disallow

interest in accordance with principles of equity even in a law action. In support of this view it cites among other authorities *Hoelzel* v. *Gavalas,* 52 A.2d 54, 25 N. J. Misc. 191, and *Jardine Estates, Inc.* v. *Donna Brook Corp.,* 42 N. J. Super. 332, although it concedes that in neither case or in any of the others which it cites was there involved a statute like §9-21-10. However, defendant appears to argue that by analogy the fundamental principles of fairness and equity which were applied in those cases are equally applicable to the circumstances of the case at bar notwithstanding our statute.

In our opinion this contention points up sharply the sole issue in the instant case. That issue is basically one of statutory construction. What did the legislature seek to accomplish by the enactment of §9-21-10? Did it intend to leave any room for the exercise of judicial discretion in the matter? The language of the section is unmistakably clear.

> "Actions of trespass.—In causes of action and actions of trespass and trespass on the case for damages to the person or to real and personal estate in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest thereon from the date of the writ which shall be included in the judgment entered therein."

Actions of trespass and trespass on the case are traditionally actions in which the damages claimed are unliquidated. For that reason at common law interest was not allowed from the date of the claim or demand as in certain actions sounding in contract. It is obvious that the legislature intended by §9-21-10 to remove that barrier. Why did it do so? We see no necessity to pursue that inquiry in the circumstances of the case at bar. However, in a case involving a similar statute the New Hampshire supreme court stated that its undoubted purpose was to accelerate the settlement of cases. *Pepin* v. *Beaulieu,* 102

N. H. 84. We are inclined to agree and would add that we think it was intended more as a spur to the defendant in that regard rather than to the plaintiff. But whether or not deliberate delay on the part of plaintiff in bringing the case at bar to trial should operate to suspend the running of the statute in her favor is a question which we need not consider because of the view which we take of its mandatory character.

In our opinion the statute is neither ambiguous nor equivocal. It speaks imperatively and directly not to the court but to the clerk who is ordered to add "to the amount of damages, interest thereon from the date of the writ * * *." This is a purely ministerial act; it contemplates no judicial intervention. The legislative fiat is explicit and admits of no conditions or reservations. The claim for damages having been duly reduced to judgment the addition of interest is peremptory.

In the face of a statute so clear and unambiguous there is no room for the application of the usual canons of statutory construction. In such a case the statute declares itself. *Vezina* v. *Bodreau*, 86 R. I. 87; *Long* v. *Langlois*, 93 R. I. 23, 170 A.2d 618. We may not where no ambiguity exists search beyond the statute for a different meaning. *Hathaway* v. *Hathaway*, 52 R. I. 39. Even hardship does not justify a court in reading into a statute something contrary to its unequivocal language. *Clark* v. *Orabona*, 59 F.2d 187. Only when the legislature sounds an uncertain trumpet may the court move in to clarify the call. But when the call is clear and certain as it is here we may not consider whether the statute as written comports with our ideas of justice, expediency or sound public policy. In such circumstances that is not the court's business. *Blais* v. *Franklin*, 31 R. I. 95.

We are, therefore, of the opinion that the trial justice did not abuse his discretion in refusing to construe the

statute as authorizing the court to inquire into the reasons for the delay and to deny the plaintiff interest on the judgment for her alleged culpability in whole or in part for such delay. He was correct in holding that the court had no power under the statute to do this.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court pursuant thereto are ordered sent back to the superior court with our decision endorsed thereon.

*Boss, Conlan, Keenan, Bulman & Rice, John T. Keenan,* for petitioner (defendant in superior court).

*Bruce M. Selya, Gunning & LaFazia, Raymond A. LaFazia, Edward L. Gnys, Jr., V. James Santaniello,* for respondent (plaintiff in superior court).