300 A.2d 273.

MILTON ISSERLIS *et al. vs.* DIRECTOR OF PUBLIC WORKS FOR THE STATE OF RHODE ISLAND.

FEBRUARY 16, 1973.

PRESENT: Roberts, C.J., Paolino, Powers, Joslin and Kellcher, JJ.

ROBERTS, C. J. This is a petition for the assessment of damages resulting from condemnation of the petitioners' land brought pursuant to G. L. 1956 (1969 Reenactment) §37-6-18, and G. L. 1956 (1968 Reenactment) §24-10-2. The petition was tried to a justice of the Superior Court sitting without a jury, who awarded damages to the petitioners in the amount of $148,260. The petitioners thereafter moved that the court order interest added to the amount of the award at the rate of eight per cent per annum from the time of the taking or, in the alternative, from the time of commencement of the action in accordance with the provisions of §9-21-10,[1] as amended by P. L. 1970, ch. 184, sec. 1. The trial justice concluded that the statute in question had application to awards made in condemnation proceedings and ruled "* * * that interest be added at the rate of six (6%) per cent per annum from the date of taking to the date of commencement of the action; that interest be added on said sum of $148,260.00 at the rate of eight (8%) per cent per annum from the date of commencement of the action to date of payment." The respondent is now prosecuting an appeal from that judgment in this court.

As we understand the thrust of respondent's argument, the only issue raised is whether the trial justice erred in concluding that an award of damages for the taking of petitioners' land by condemnation is within the scope of §9-21-10 by reason of the amendment thereof by P. L. 1965,

---

[1]Section 9-21-10 reads as follows: "In causes of action and actions for damages to the person or to real and personal estate in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest *at the rate of eight per cent (8%) per annum* thereon from the date of commencement of the action which shall be included in the judgment entered therein." (emphasis added)

ch. 55, sec. 36, and P. L. 1966, ch. 1, sec. 10. Section 9-21-10 was first enacted by P. L. 1958, ch. 126, sec. 1. As enacted, it charged the clerk of court "[i]n causes of action and actions of trespass and trespass on the case for damages to the person or to real and personal estate * * *" to add to the damages interest from the date of the writ. The statute was considered by this court in *Kastal* v. *Hickory House, Inc.,* 95 R. I. 366, 369, 187 A.2d 262, 264 (1963), prior to its amendment in 1965. There we held the language of the statute to be mandatory and directed not to the court but to the clerk thereof, who was ordered to add "'* * * to the amount of damages, interest thereon from the date of the writ * * *.'" We then held that once a claim for damages pursuant to an action of trespass or trespass on the case had been reduced to judgment, the addition of the interest was made mandatory by this statute.

In *Kastal* we noted that actions of trespass and trespass on the case traditionally were actions in which damages claimed were unliquidated and for that reason interest at common law was not allowed from the date of the demand or claim as is so in certain actions sounding in contract. We went on to say that the Legislature obviously intended, in enacting §9-21-10, to eliminate that barrier to the imposition of interest on awards for damages in actions sounding in tort.

We further noted that a similar statute had been considered by the Supreme Court of New Hampshire, which court expressly stated that the clear purpose of such legislation was to accelerate the settlement of cases sounding in tort. *Pepin* v. *Beaulieu,* 102 N. H. 84, 151 A.2d 230 (1959). In *Kastal,* this court indicated that it was "inclined to agree" with the reasoning of the New Hampshire court and went a bit further by indicating that the statute was intended as a spur to defendants to accomplish settlements of such cases without undue delay. We now per-

ceive no sound reason why we should not make clear our approval of the rationale of the New Hampshire decision. Therefore, we hold that the legislative purpose in authorizing and directing that interest be added to judgments for damages sounding in tort as set out in §9-21-10 was limited to that proposition.

We believe that, in enacting the statute, the Legislature did not intend to extend the imposition of such interest on awards in actions other than those tortious in character. We said in *Kastal* that, in view of the clearly unambiguous character of the statute, we had no opportunity to apply the traditional canons of statutory construction. The statute being unambiguous, we were precluded from searching beyond the face of the statute in an effort to reach a different conclusion.

We turn, then, to the precise question confronting us here. Are the amendments to §9-21-10 enacted in 1965 and 1966 sufficiently indicative of a legislative intent to extend the application of that statute beyond actions sounding in tort to require us to hold that the Legislature intended to give the statute a more comprehensive scope than it was given in *Kastal?* We think not.

In 1965 the Superior Court promulgated the Rules of Civil Procedure and Practice to become effective January 10, 1966. Contemporaneously, the General Assembly passed P. L. 1965, ch. 55, entitled, "An Act Providing for Simplification of Practice and Procedure in Civil Actions, and in Amendment of and in Addition to Titles 8, 9, 10, 14, 33, 42 and 45 of the General Laws, as Amended." The Act also was to take effect on January 10, 1966. Section 36 of this Act amended §9-21-10 by striking therefrom the words "In causes of action and actions of trespass and trespass on the case for damages to the person or to real and personal estate * * *" and substituting therefor the words "In causes

of action and actions for damages to the person or to real and personal estate * * *."

The petitioners now argue that the new language covers condemnation proceedings. We cannot agree that the Legislature intended such a result. The 1965 amendment to §9-21-10 was part of a package which was intended to bring the language of the General Laws in conformity with the Rules of Civil Procedure. The new rules had eliminated the old forms of actions, and it was necessary to remove archaic language from the General Laws. The amendment to §9-21-10 simply did that. Attached to the bill, H 1665, January Session, 1965, which became P. L. 1965, ch. 55, was an explanatory letter from Justice Louis W. Cappelli, then Presiding Justice of the Superior Court, in which he stated: "There are no changes in any matters of substantive law in this bill." While such explanatory notes are not conclusive of legislative intent, they can be of assistance to this court in construing a statute. Our review of the history of P. L. 1965, ch. 55, and, more particularly, of sec. 36 of that Act, leads us to the conclusion that the Legislature had no intention by the 1965 amendment of §9-21-10 to broaden its coverage to include condemnation suits.

Public Laws 1966, ch. 1, sec. 10, amended §9-21-10 by providing another change to bring the section in conformity with the language of the new rules. The phrase "filing of the complaint" was stricken and in substitution therefor was the phrase "commencement of the action." Lastly, in 1970 the section was amended to provide for eight per cent interest instead of six per cent. Public Laws 1970, ch. 184, sec. 1. Neither of these amendments broadened the scope of §9-21-10. We hold, then, that §9-21-10 is not applicable to condemnation suits, and it was error for the trial justice to award eight per cent interest from the date of commencement of the action until the date of payment.

The appeal of the respondent is sustained, the judgment

appealed from is reversed, and the case is remitted to the Superior Court for further proceedings in accordance with this opinion.

*Arcaro, Belilove & Kolodney, Abraham Belilove,* for petitioners-appellees.

*Stephen F. Mullen,* Chief Special Counsel, Department of Transportation, State of Rhode Island, for respondent-appellant.

*Timothy J. McCarthy, Paul F. Casey,* Providence Redevelopment Agency, as amicus curiae.