**Bruce DiMEO**

v.

**Paul PHILBIN et al.**

No. 84–515–Appeal.

Supreme Court of Rhode Island.

Jan. 9, 1986.

Raul L. Lovett, Paul V. Gallogly, Lovett, Schefrin & Gallogly, Ltd., Providence, for plaintiff.

Netti C. Vogel, Richard T. Linn, Gunning, LaFazia & Gnys, Inc., Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on an order issued to the defendant to appear and show cause why the plaintiff's appeal should not be summarily sustained. In showing cause, the defendant was directed to address the question of whether the trial justice's instructions to the jury were erroneous.

The plaintiff had challenged three separate sections of the trial justice's charge. However, we find only one issue to be dispositive and therefore need not reach the remaining two.

This case arose out of a rear-end collision between defendant's truck and plaintiff's passenger vehicle. At trial defendant admitted liability, and the only issue submitted to the jury was that of damages. It is represented that the jury's award of $20,000 was quite modest in view of the injuries suffered and the medical treatment, disability, and pain and suffering.

The trial justice during his instructions told the jury not to consider the matter of interest in arriving at a damage award. He stated rather broadly that we live in an interest-conscious society. He then went on to inform the jurors that interest at the rate of 12 percent per annum would be added to the amount of their verdict. Although he instructed the jurors that they should not add any amount of money as interest to their assessment of damages, he informed them that this accident had occurred six years earlier, thus making it crystal clear to the jury that whatever amount it awarded would be increased by 72 percent.

This court has said that "the most prudent test for determining whether or not an erroneous charge is reversible error should turn on whether it can be shown that the jury 'could have been misled' to the resultant prejudice of the complaining party." *Anter v. Ambeault,* 104 R.I. 496, 501, 245 A.2d 137, 139 (1968). At another time we held that the test is how a panel of ordinary and intelligent persons could construe a charge. *Brimbau v. Ausdale Equipment Rental Corp.,* — R.I. —, 440 A.2d 1292 (1982).

In enacting G.L.1956 (1985 Reenactment) § 9–21–10, which adds prejudgment interest to money awards, we have said that the Legislature's primary intention was not to add interest but to establish a device to encourage settlements of cases sounding in tort without undue delay. *Isserlis v. Director of Public Works,* 111 R.I. 164, 300 A.2d 273 (1973). *See also Kastal v. Hickory House, Inc.,* 95 R.I. 366, 187 A.2d 262 (1963). More recently we said that prejudgment interest is not an element of damages, it is purely statutory and is peremptorily added to the jury verdict by the clerk of the court. *Andrade v. State,* — R.I. —, 448 A.2d 1293 (1982). Finally, we would remind the trial court of what this court said in *Kastal, supra,* that this section directing the addition of prejudgment interest "is neither ambiguous nor equivocal. It speaks imperatively and directly not to the court but to the clerk * *. This is a purely ministerial act; it contemplates no judicial intervention." *Kastal,* 95 R.I. at 369, 187 A.2d at 264.

Having ruled that the imposition of prejudgment interest was not a part of the judicial function and is absolutely not to be considered in any way a component of a damage award, we can only conclude that advising a jury of the fact of interest and of how and in what amount it is computed has to be reversible error. Human nature being what it is, it is highly unlikely that a jury, informed of how much interest will be added, could prevent this information from

influencing its decision on the amount of damages to be awarded.

In those situations in which a jury makes inquiry regarding interest, it must be advised that it cannot consider interest in any way at all. If, in a particular case, the trial justice believes it necessary to make mention of interest, the most that should be said is that the jury must follow the law and that the law removes interest from its considerations completely.

In this case it seems clear to us that the detailed discussion of interest was reversible error. For these reasons, the judgment appealed from is vacated and the papers of this case are remanded to the Superior Court for a new trial. It is so ordered.

WEISBERGER, J., did not participate.