DECISION
Before the court is the plaintiff's Motion for Entry of Judgment. On April 11, 1997, this court granted the plaintiff's Motion for Summary Judgment. The court's decision was premised upon findings of both mutual mistake and failure of consideration as grounds for rescission and/or cancellation of the land sale contract. The plaintiff then submitted an order to be entered by the court. In the proposed order, the plaintiff is seeking judgment for plaintiff in the amount of the original purchase price of $85,000 plus interest from the date of the filing of the complaint on February 2, 1994, and for consequential damages arising out of the conveyance. The defendants have filed an objection to the form of judgment contained in the proposed order.
In support of their objection, the defendants contend that the Final Judgment in this matter should not include an award of consequential damages or prejudgment interest. The defendants correctly note that in its decision, the court held that both parties were innocents and had made a mutual mistake in relying on D.E.M.'s I.S.D.S. approval for the lot in question. As such, the defendants are also correct in noting that the court's judgment is one providing for the equitable remedy of rescission. However, the defendants claim that Rhode Island's prejudgment interest statute, G.L. § 9-21-10, does not apply in the instant matter. Moreover, the defendants argue that if the plaintiff is permitted to recover her entire original purchase price, plus consequential damages and interest thereon, her recovery would be a "virtual windfall." In response, the plaintiff argues that restoring the parties to their original positions requires a return of the original purchase price plus interest in light of the lost use of the money, along with compensation for the substantial costs the plaintiff incurred as owner of the property. Both parties rely on certain facts in support of their positions on these issues.
R.I.G.L. § 9-21-10
General Laws § 9-21-10 provides in pertinent part:
 "In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued which shall be included in the judgment entered therein. This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided or as to any condemnation action."
"[Section] 9-21-10 calls for the imposition of interest in any `civil action' in which a verdict or a decision awards `pecuniary damages.'" Murphy v. United Steelworkers of America,507 A.2d 1342, 1346 (R.I. 1986). The defendant argues that this section does not apply here to the court's granting of the plaintiff's Motion for Summary Judgment because it is not a judgment for pecuniary damages, but a judgment providing for the equitable remedy of rescission. Rhode Island courts have yet to expressly determine whether § 9-21-10 applies to actions in equity.
In Dennis v. R.I. Hosp. Trust Nat. Bank, 744 F.2d 893 (1st Cir. 1984), the First Circuit Court refused to apply §9-21-10 in an equitable action brought by income beneficiaries against a trustee for allegedly improper management. The Court noted that the purpose of § 9-21-10 is to "`to compensate plaintiffs for waiting for the recompense to which they were legally entitled.'" Id. at 901. In so noting, the Court held that the statute's purpose was not served as the plaintiffs had been made whole by the surcharge award ordered by the district court. The Court concluded that the plaintiffs had lost nothing while "waiting for recompense." Id. Moreover, the Court noted that our Supreme Court has construed § 9-21-10 as not applying literally to "any civil action" but "to apply only to those actions sounding in tort or contract." Id. Additionally, the Court stated "[t]he action in this case is traditionally one in equity, not one in tort or contract . . . [o]nly by construing the word "damages" broadly can a "surcharge" be brought within its scope." Id.
The court finds that the purpose of Rhode Island's prejudgment interest statute would be served here. This court granted the plaintiff's motion for summary judgment finding that the plaintiff is legally entitled to a return of the purchase price of the property and the defendants, their land. The defendants have had the benefit of the use of the funds since the date of the conveyance, while the plaintiff has not. As such, the court finds that the plaintiff would not be made whole by a mere return of the purchase price without interest. However, a review of the language used in § 9-21-10, leads the court to conclude that the statute was not intended to apply in the instant matter.
Since the holding in Dennis v. R.I. Hosp. Trust Nat. Bank, our Supreme Court has shed light upon the construction to be given the word "damages" as used in § 9-21-10. In Murphy v.United Steelworkers of America, supra, the Court held that use of the words "pecuniary damages" in § 9-21-10, is synonymous with "compensatory damages" and excludes awards of punitive and nominal damages. Compensatory damages are those damages awarded to a person in satisfaction of, or in response to a loss or injury sustained. Proffit v. Ricci, 463 A.2d 514 (R.I. 1983). In an action for rescission, however, the court does not simply compensate the injured party for the injuries sustained, but it acts based upon principles of equity to abrogate the contract as if it had never been made and to return the parties to the positions they occupied before execution of the contract. Turnerv. Domestic Investment Loan Corp., 119 R.I. 29, 35,375 A.2d 956, 958 (1977). This court declines to broadly construe the words "pecuniary damages" as used in § 9-21-10 so as to include the equitable remedy of rescission. SeeClark-Fitzpatrick, Inc./Franki Production Co. v. Gill,652 A.2d 440 (R.I. 1994)(Section 9-21-10 is to be strictly construed).
This court also finds guidance on this issue by examining the application of § 9-21-10. An award of interest pursuant to the statute is a ministerial act to be performed by the clerk without judicial intervention. Cardi Corp. v. State, 561 A.2d 384
(R.I. 1989); DiMeo v. Philbin, 502 A.2d 825 (R.I. 1986); Paola v.Commercial Union Assurance Co., 461 A.2d 935 (R.I. 1983); Kastalv. Hickory House, Inc., 95 R.I. 366, 187 A.2d 262 (1963). Such an award is not an element of damages, but is purely statutory and is peremptorily added to the award by the clerk of the court.DiMeo v. Philbin, 502 A.2d at 826. However, when exercising its equitable power of rescission, the court is concerned with fashioning a remedy that is fair in light of the particular circumstances. In this context, an award of prejudgment interest is part of the judicial function and a component of the award. Moreover, the statutorily required 12% interest may not be equitable in all circumstances. As such, the court finds that § 9-21-10 does not apply here.
Absent statutory authority, an award of prejudgment interest, including the rate at which it is to be applied, is within the sound discretion of the trial court. See Chang v. University ofRhode Island, 606 F. Supp. 1161 (D.C.R.I. 1985). Accordingly, the trial justice is free to fashion an award of interest that is most appropriate under the circumstances. The award of prejudgment interest in this case, is required in order to avoid the inequity to the plaintiff which would otherwise result by virtue of the sellers having enjoyed the beneficial use of the money for the period following the conveyance. See State Dept. ofTransp. v. PW R. Co., 674 A.2d 1239 (R.I. 1996)(Court affirmed trial justice's award of prejudgment interest in action declaring deed null and void noting seller benefited from use of funds while case was being litigated). In fashioning the award here, the court is mindful that it's decision granting summary judgment for the plaintiff, was not based upon a finding of fraud and/or misrepresentation, or the culpability of either party. Due to the unique circumstances presented, the court finds that interest at a rate of six percent (6%), which is comparable to the prime rate which is currently in effect, is more reasonable under the circumstances than the statutorily required twelve percent (12%) interest. The court finds that this level of interest is equitable to the defendants in as much as they have had beneficial use of the purchase price since July 29, 1993, the date of the conveyance.
CONSEQUENTIAL DAMAGES
A review of the documents submitted to the court, reveals that the plaintiff is seeking consequential damages totalling $5,156.72; including recovery for monies expended for a title search, transfer of the I.S.D.S. permit, excavation of the property, a surveyor, taxes, water and fire, and insurance. The defendants argue that if the plaintiff is permitted to recover the $85,000 purchase price along with an award of consequential damages, she will end up in a "vastly superior position than" the defendants.
As stated above, the general rule in an equitable suit for rescission and/or cancellation of an instrument is that the parties must be restored to the positions they occupied before the transaction in question. Turner v. Domestic Investment LoanCorp., supra. Moreover, once a court's equity jurisdiction has been properly invoked, the court will retain such jurisdiction for the purpose of administering full relief. Pucci v. Algiere,106 R.I. 411, 261 A.2d 1 (1970). "[I]t is within the trial justice's discretion to determine the appropriateness of, and to formulate, equitable relief." Ruggieri v. City of EastProvidence, 593 A.2d 55 (R.I. 1991). That discretion . . . should be guided by "`basic principles of equity and justice.'" Id.
Here, restoring the parties to their original positions includes a return of the purchase price to the plaintiff, along with recovery of certain monies spent in reliance on the transaction. A balancing of the equities involved does not warrant anything less. The purchase and subsequent ownership of the lot, for which the plaintiff had not bargained, provided the basis for the equitable relief awarded by this court. Throughout the plaintiff's ownership of the property, the defendants enjoyed the beneficial use of the money received from the transaction. Accordingly, this court finds that the plaintiff is entitled to recover the entire purchase price of $85,000. However, the court finds that of the consequential damages sought by the plaintiff, only the monies spent for taxes and the water and fire assessments are recoverable. Equity does not demand recovery of the remaining costs. The court further finds that the defendants are not entitled to a set off for the ten percent (10%) broker's commission and for the costs of acquiring the original I.S.D.S. permit. Such expenses are the ordinary costs of putting one's property up for sale and would have been incurred by the defendants notwithstanding the rescinded conveyance.
CONCLUSION
Taking into account all of the circumstances in this case, including general considerations of fairness, the court finds that the plaintiff is entitled to return of the $85,000 purchase price plus interest at 6% from the date of the filing the complaint. In addition, the court finds that the plaintiff is entitled to an award of consequential damages totalling $1,802.38, plus 6% interest.