DECISION
Before this Court are several post-trial motions in the above-entitled matter. The defendants, Alfredo and Maria Mendes, move, pursuant to Rule 60 (a) and (b) of the Superior Court Rules of Civil Procedure, for relief from the judgment entered on June 16, 1998, on the grounds of clerical error, excusable neglect, mistake, inadvertence, surprise and because the judgment is void. The plaintiffs — Jose S. Cardoso, Ines S. Cardoso, Antonio J. Ferreira, and Maria Delurdes Ferreira — object to the motion. The defendants also move to stay the enforcement of the judgment pending the disposition of the motion for relief from the judgment, and the plaintiffs have filed an objection. Additionally, the plaintiffs move to compel the defendants to comply with the judgment to which the defendants have objected.
 Facts and Travel
The undisputed facts in this case are briefly as follow. In 1984, the defendants loaned the plaintiffs $95,000 at a seventeen percent interest rate. The plaintiffs placed a mortgage on their residence at 357 Mendon Avenue and signed a promissory note which stated that the monthly payments would come due on June 1, 1984. On April 3, 1989, the plaintiffs borrowed an additional $260,000 from the defendants and again signed a promissory note, this time at fifteen percent. In 1991, the defendants took out a $35,000 second mortgage on the residence of the Cardosos, located at 361 Mendon Avenue, and the plaintiffs signed another promissory note. In 1992, the defendants agreed to finance the sale and the purchase of the plaintiffs' property by a third party. In return the plaintiffs signed a purchase and sale agreement stating that they would provide their personal guaranty and would provide security for the guaranty with their personal residences. On September 16, 1994, and again on May 1, 1995, the defendants notified the plaintiffs of their intention to foreclose on the properties which secured the loans. The plaintiffs then filed a complaint on November 9, 1994, seeking, in part, a preliminary injunction. The request for an injunction was denied, and the plaintiffs amended the complaint to challenge the right of defendants to recover under the notes.
After the parties waived a jury trial at the conclusion of the trial, this matter was heard by this Court sitting without a jury. In its decision of June 9, 1998, the Court ruled that the 1989 loan was not supported by consideration, the 1991 loan was void, and that the 1992 guaranty was induced by fraud and was therefore void. Furthermore, this Court held that "the reasonable and equitable sum which the plaintiffs should pay the defendants on the $95,000 loan is $75,000. Upon payment of this judgment, the accompanying mortgages are to be released." Decision at 26 Subsequently, the judgment presented to this Court by the plaintiff, which was entered on June 16, 1998, stated that "[t]he judgment of $75,000 entered for Defendants shall be without prejudgment interest." It is this denial of prejudgment interest that the defendant now challenges.
 The Omission of Prejudgment Interest under Rule 60 (a)
Rule 60 (a) of the Rhode Island Rules of Civil Procedure provides in pertinent part that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on motion of any party and after such notice, if any, as the court orders. . . ." The errors to be corrected may have been made by the clerk, the court, or the parties. Matter of West Texas Marketing Corp.,12 F.3d 497, 503-504 (5th Cir. 1994). However, the correction of a judgment under Rule 60 (a) cannot cause that judgment to "say something other than what originally was pronounced." 11 Wright and Miller, Federal Practice and Procedure: Civil 2nd § 2854 at 241 (1995). Our Supreme Court has held that where there is an error not in the pronouncement, but rather in the ministerial or clerical recordation of what has been announced, "justice demands that the error, instead of being allowed to stand, be corrected so that the judgment will speak the truth and will accurately represent what was said and done." Clark v. Dubuc, 486 A.2d 603, 605 (R.I. 1985)
Generally, Rule 60 (a) is available to correct the omission of interest which is either a matter of right or where the judgment failed to accurately reflect the actual decision of the trial judge in regard to the award of such interest. In Rhode Island, § 9-21-10 (a), entitled "Interest in Civil Actions," governs the imposition of both prejudgment and post judgment interest. Section 9-21-10 provides that
 [i]n any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein. Post-judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue on both the principal amount of the judgment and the prejudgment interest entered therein. This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided.
Our Supreme Court has long held that the awarding of such interest is a ministerial act for the clerk of the court, not an issue to be decided by the court. See, e.g., DiMeo v. Philbin,502 A.2d 825, 826 (R.I. 1986); Paola v. Commercial UnionAssurance Companies, 461 A.2d 935, 937 (R.I. 1983); Kastal v.Hickory House, Inc., 95 R.I. 366, 369, 187 A.2d 262, 264 (1963).
The defendants argue that the judgment's preclusion of prejudgment interest is a clerical mistake since it is in contravention of this Court's decision, the promissory note, and applicable Rhode Island case law and statutory law. In objection, the plaintiffs argue that this Court was aware of the interest due when calculating the amount owed the defendants and that the judgment amount of $75,000 awarded by this Court included the prejudgment interest.
A review of the record indicates that the promissory note for the $95,000 loan contained a provision for the imposition of interest at a rate of seventeen percent. As the debt owed by the plaintiffs is a contractual obligation for which interest is already provided, the provisions of § 9-21-10 were not controlling on the issue of prejudgment interest in this matter. Under the terms of the promissory note, the defendants were entitled to prejudgment interest.
Although this Court did not explicitly discuss the imposition of prejudgment interest, this Court examined the 1984 promissory note under which the plaintiffs agreed to pay an interest rate of seventeen percent. The award of $75,000 represented this Court's determination of what remained as principal on the original $95,000 loan. Contrary to the plaintiff's contentions, it was never this Court's intention to deny prejudgment interest, although the $75,000 legally and equitably awarded by this Court did not include the interest owed. As such, the June 16, 1998 judgment fails to reflect accurately the actual decision of this Court in regard to the award of such interest on the remaining balance of principal as determined by the Court.
It is well-established that "in the absence of a contract concerning it, interest on a note is due only from the date of demand or default." Corning Glass Works v. Seaboard Surety Co.,112 R.I. 241, 251, 308 A.2d 813, 819 (1973). Prejudgment interest continues to run from the date the cause of action accrues until the judgment becomes `final' the term `judgment' referred to in sec. 9-21-10 contemplates a final judgment, one that finally adjudicates the rights of the parties, whether it is a judgment from which no appeal is taken or a judgment that is affirmed by this court after consideration and rejection of the appellant's contentions. Welsh Mfr., Div. of Textron v. Pinkertons, Inc.,494 A.2d 897, 898 (R.I. 1985). In the instant matter, the promissory note provided that "[i]f any monthly installment . . . is not paid when due and remains unpaid after a date specified by a notice to the Borrower, the entire principal outstanding and accrued interest thereon shall at once become due and payable at the option of the Note Holder." Since no appeal was filed, this judgment became final twenty days after it was filed. Consequently, the Court finds that defendants are entitled to prejudgment interest at 17% for the period beginning with the date of demand and running until the final judgment.
Furthermore, as counsel is now directed to submit for entry a new judgment reflecting this Court's within rulings, this Court need not rule on either the defendants' motion for stay of proceedings pending disposition of the motion for relief from judgment or the plaintiff's motion to compel compliance with the judgment.
For the above reasons, this Court grants defendant's Motion for Relief From Judgment finding that the judgment entered failed to reflect this Court's decision with respect to the award of both prejudgment and post judgment relief.
Counsel for the defendants, after notice to counsel for the plaintiffs and an opportunity to be heard with respect to any objections thereto, shall present a proposed judgment reflecting this Court's rulings in its decision of June 9, 1998, and herein.