DECISION
Defendant Pamela M. Sargent ("Pamela" or "Defendant") moves this Court to reconsider, clarify, or provide instruction regarding its November 10, 2010 Order that Pamela pay statutory interest on certain disgorged trustee fees. Although the Court declines to reconsider its Order, the Court will clarify that prejudgment interest on the disgorged fees began to accrue on March 10, 2008, the date Plaintiffs filed their Complaint with the Court.
 I Facts and Travel
The Court has recounted the details of the Sargent family's multi-year legal battle on several occasions and will thus limit its recitation of facts to a procedural history. A comprehensive factual background of this case is available at Sargent v. Sargent, No. PC-08-1429, 2009 R.I. Super. LEXIS 109,2009 WL 3328560 (R.I. Super. Ct. July 31, 2009).
On March 10, 2008, Francis B. Sargent, Jr. and Coastline Trust Company (collectively "Plaintiffs") — the successor co-trustees following Pamela's resignation as *Page 2 
Trustee of the Diane M. Sargent Revocable Trust ("Trust") — brought suit against Pamela, alleging breaches of duties to the Trust and its beneficiaries. This Court issued a written decision on July 31, 2009, holding that Pamela had breached various such duties, including the duty of loyalty to her co-beneficiary brothers, Kennett and Jeffrey, and the duty to administer the Trust in strict accordance with its terms. Specifically, the Court found in part that Pamela improperly withheld information from Kennett and Jeffrey regarding the value of their Trust shares, improperly refused to make certain disbursements of Trust funds to them, and failed to exercise reasonable care in administering Kennett's special needs trust by failing to inquire into "the nature (and amount) of [his] benefits."
As relief, the Court awarded Kennett and Jeffrey compensatory damages sufficient to bring each brother's total disbursement to $400,000, an equal quarter share of the Trust's original corpus. In addition, the Court divided the remaining $13,111 in the Trust account equally between the brothers as equitable relief. Finally, the Court found "while it is difficult to ascertain the exact value of losses to the Trust property caused by Pamela's actions, they nonetheless caused some loss." Accordingly, the Court disgorged Pamela of the $43,628 she had withdrawn from the Trust as payment for her trustee services.
Subsequently, Plaintiffs filed a motion for reconsideration. At the October 5, 2009 hearing on the motion, Plaintiffs argued that the Court should refrain from applying prejudgment interest to the $43,628 disgorgement of Pamela's trustee fees. This Court reasoned as follows: *Page 3 
 "Pamela rightfully paid herself Trustee fees in the amount of $43,628, so these funds were never unaccounted for by the Trust. It was not until this court made a finding that Pamela's actions `caused some loss to the trust' and that Pamela `consistent[ly] fail[ed] to act in her brothers' best interests' that this Court made the discretionary decision to disgorge Pamela of her earnings as `an appropriate remedy.'"
Ultimately, the Court held that prejudgment interest was applicable to the $43,628 award pursuant to G.L. 1956 § 9-21-10(a) "because this Court specifically intended the disgorgement to compensate the Trust for Pamela's negligent actions and inactions."
Defendant filed the instant Motion for Reconsideration, Instructions, and/or Clarification in response to the Court's grant of prejudgment interest on the disgorged trustee fees. Specifically, the parties dispute the exact date on which prejudgment interest should begin to accrue on the disgorged sum.
 II Analysis A Procedural Posture
As a preliminary matter, the Court will address the posture of Defendant's motion. Defendant has labeled her motion a "Motion to Reconsider, Clarify, and/or For Instructions." This Court is mindful that the Rhode Island Superior Court Rules of Civil Procedure do not specifically provide for motions to reconsider.School Committee of City of Cranston v. Bergin-Andrews,984 A.2d 629, 649 (R.I. 2009). Rather, a motion to reconsider is treated as a motion to vacate under Super. R. Civ. P. 60(b).Bergin-Andrews, 984 A.2d at 649 (citing Keystone ElevatorCo. v. Johnson Wales University,850 A.2d 912, 916 (R.I. 2004)). *Page 4 
It is clear from a reading of Defendant's brief that she does not challenge the propriety of the Court's November 10, 2010 Order directing her to pay statutory interest on the disgorged trustee fees. Defendant concludes, "For the above reasons, Counsel respectfully asks this Court to determine prejudgment interest by calculating interest for each fee disbursement from the date when Pamela paid herself a trustee's fee." Looking to the substance of the Motion, the Court finds that Defendant merely seeks clarification as to the date from which the prejudgment interest should be calculated. See Sarni v. Melocarro,113 R.I. 630, 636, 324 A.2d 648, 651 (1974) ("[W]e are no longer in the days when common-law pleading was in full flower. We look to substance, not labels."). Accordingly, the Court will not address a motion to vacate and will focus its analysis on providing the sought after clarification.
 B Clarification on Prejudgment Interest Accrual
Section 9-21-10(a) of the R.I. Gen. Laws affords statutory interest on pecuniary damages to prevailing parties in civil actions. It provides in pertinent part:
 "[T]here shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein." Sec. 9-21-10(a) (emphasis added).
At issue before the Court is when the Plaintiffs' cause of action accrued for purposes of calculating prejudgment interest on Pamela's disgorged trustee fees. *Page 5 
The Court's analysis is fundamentally guided by the legislative intent behind statutory prejudgment interest. Our Supreme Court has put a fine point on the intended purpose of prejudgment interest, explaining that "prejudgment interest is not an element of damages but is purely statutory, peremptorily added to the award by the clerk." Barbato v. Paul Revere Life Ins. Co.,794 A.2d 470, 472 (R.I. 2002) (citing DiMeo v. Philbin,502 A.2d 825, 826 (R.I. 1986)). Where pecuniary damages are awarded as compensation for a breach of contract, the Supreme Court has repeatedly cited the dual purposes of imposing prejudgment interest: "(1) to promote early settlement of claims, and (2) to compensate plaintiffs for the loss of use of money rightfully owed."Buckley v. Brown Plastics Machinery, LLC,368 F. Supp. 2d 167, 171 (D.R.I. 2005) (citing Martin v.Lumbermen's Mut. Cas. Co., 559 A.2d 1028, 1031 (R.I. 1989);Murphy v. United Steelworkers of America LocalNo. 5705, AFL-CIO, 507 A.2d 1342, 1346 (R.I. 1986);DiMeo, 502 A.2d at 826).
Despite the relative dearth of cases discussing the accrual of prejudgment interest in the context of breach of fiduciary duty claims like the one at issue here, in Lawton v. Nyman,327 F.3d 30, 50 (1st Cir. 2003), a breach of fiduciary case, the First Circuit Court of Appeals did address the issue of prejudgment interest, albeit in dicta. There, the court noted that prejudgment interest is designed to compensate plaintiffs for their "inability to utilize funds rightly due" them. Lawton,327 F.3d at 50 (quoting R.I. Tpk. Bridge Auth. v. BethlehemSteel Corp., 446 A.2d 752, 757 (R.I 1982)). Citing to a breach of contract case, Blue Ribbon Beef Co. v. Napolitano,696 A.2d 1225 (R.I. 1997), the First Circuit court reasoned that prejudgment interest "must be calculated on the date the damages begin to accrue, even if a cause of action accrues earlier for other purposes." Id. *Page 6 
(citing Blue Ribbon Beef, 696 A.2d at 1230-31). The court explained that this approach was necessary in order to avoid compensating the plaintiff "for more than `waiting for recompense to which they were legally entitled.'" Id. (quotingMartin, 559 A.2d at 1031). In accord with the First Circuit Court of Appeals' reasoning, this Court is mindful of the same dual purposes of prejudgment interest considered in breach of contract actions: promoting early settlement and compensating Kennett and Jeffrey for loss of the use of money rightfully owed them.Buckley, 368 F. Supp. 2d at 171 (internal citations omitted).
For purposes of prejudgment interest analysis, this action is also akin to a breach of contract action due to the nature of the damages awarded. In disgorging Pamela of her trustee fees, the Court recognized that she had committed a breach of trust. See
George G. Bogert, et al., The Law ofTrusts Trustees § 861, at 27 (2d ed. rev. 1995) ("If a trustee has been guilty of a breach of trust it is within the discretion of the court to deny him all compensation . . ."). In exercising its discretion, the Court properly considered whether Pamela had acted in good faith and whether the breaches of trust resulted in any losses to the Trust property. See Restatement (Second) Trusts § 243, cmt. c (1959) (advising courts to consider various factors in deciding whether to disgorge trustee fees). The Court ultimately found that Pamela's actions had caused some loss to the Trust property. Accordingly, it disgorged Pamela of her trustee fees as compensation for those losses of funds to which the Trust — and its beneficiaries — would have otherwise been entitled. Thus, the court attempted to make the Trust and its beneficiaries whole as a court would in a breach of contract action.Compare Restatement (Second)Trusts § 205 cmt. a ("If the trustee commits a breach of trust, the beneficiary may have the option of *Page 7 
pursuing a remedy which will put him in the position in which he was before the trustee committed the breach of trust . . ."),with
22 Am. Jur. 2d Damages § 46 (2003) ("Generally, in a breach-of-contract action, a plaintiff may recover the amount of damages necessary to place him in the same position he would have occupied had the breach not occurred."). As noted by the Lawton Court, "the date prejudgment interest is awarded must comport with the theory of damages." Lawton, 327 F.3d at 50. The theory of damages in the instant matter is similar to the theory of damages in a breach of contract action; therefore, prejudgment interest accrual should be similarly treated in both contexts.
For these reasons, the Court finds Rhode Island's breach of contract cases involving prejudgment interest awards instructive in construing the meaning of § 9-21-10(a)'s terms. Our Supreme Court has held that in the context of a breach of contract, "the focus of the inquiry under § 9-21-10 is the point at which the plaintiff actually began to suffer damages." Buckley,368 F. Supp. 2d at 170 (citing Blue Ribbon Beef,696 A.2d at 1229; Jolicoeur Furniture Co., Inc. v. Baldelli,653 A.2d 740, 755 (R.I. 1995); Miller v. Dixon IndustriesCorp., 513 A.2d 597, 602-03 (R.I. 1986)). Thus, unlike in a statute of limitation analysis, "the point at which the contract is breached is not per se the point of accrual for prejudgment interest." Id. Indeed, by requiring both a breach and a loss, this approach comports with the dual purposes of prejudgment interest. It protects against the possibility of a windfall to the plaintiff by ensuring that interest only accrues as of the date on which the plaintiff begins to realize an actual loss. SeeLawton, 327 F.3d at 50. *Page 8 
In most cases, our Supreme Court and federal courts construing Rhode Island law have had little difficulty in determining when plaintiffs began to suffer actual damages. See,e.g., Gupta v. Customerlinx Corp.,385 F. Supp. 2d 157, 167 (D.R.I. 2005) (loss from unpaid quarterly bonus payments realized at the end of the last three quarters of 2001 when payments came due pursuant to employment contract);Blue Ribbon Beef, 696 A.2d at 1229 (actual loss from breach of lease agreement suffered upon realization of lost business profits beginning on July 1, 1981 when sales volume dropped);Miller, 513 A.2d at 603 (loss from breach of employment contract suffered on date plaintiff could have exercised stock options had they not been unlawfully withheld). However, in cases where the Court cannot so easily discern the exact date on which damages were realized, a different approach is warranted.See Buckley, 368 F. Supp. 2d at 171. InBuckley, for example, the United States District Court for the District of Rhode Island grappled with the issue of prejudgment interest accrual where the jury's findings only set forth that the plaintiff was due a certain amount at the time of suit.Id. at 172. There, "the precise moment at which the [equity appreciation] rights to payments vested in Plaintiff under the contract [was] in dispute." Id. at 171. The Buckley
Court reasoned:
 "Rather than speculate as to what the jury's verdict may have represented, this Court believes the best approach is to apply an equitable resolution that adopted the `time of filing' approach. . . . Because a `date of damages' approach is impractical in this situation, and the Plaintiff's filing of his lawsuit provides a clear date of demand for performance, this Court finds that prejudgment interest as provided by § 9-21-10 began to accrue on May 24, 2004, the date of Plaintiff's filing of the lawsuit. . . . By setting the point of accrual for prejudgment interest at the date of filing, plaintiffs are discouraged from dragging their feet to the courthouse in hopes of increasing their judgment by application of the generous 12% interest rate. At the same *Page 9 
time, the defendant's incentive to settle is maintained." Id. at 172-73.
In light of the facts before it and the dual purposes of prejudgment interest, this Court considers the Buckley approach of eminent good sense. Since neither party advocates in favor of this approach, however, the Court will first address the parties' arguments in turn.
Defendant posits that interest should accrue on the disgorged trustee fees from the date she paid herself each fee disbursement from the Trust over a period of seven years, from 2000 through 2007. Defendant reasons that the Trust did not realize any actual damage until she withdrew her fees, and thus the withdrawal dates constitute the dates "the cause of action accrued." Defendant's argument is not supported by the facts because the Court explicitly held that it "intended the disgorgement to compensate the Trust for Pamela's `negligence,' which `caused some loss'" to the Trust.Sargent v. Sargent, No. PC-08-1429, 2010 R.I. Super. LEXIS 181 at *55 (quotingSargent, No. PC-08-1429, 2009 R.I. Super. LEXIS 109, 2009 WL 3328560). Indeed, the Court found that Pamela had rightfully paid herself the trustee fees and that the Trust had otherwise incurred a loss. As a result, the Court is concerned only with the date the Trust realized the loss resulting from Pamela's negligent acts, not with the date she rightfully paid herself from the Trust corpus. SeeLawton, 327 F.3d at 50 ("the date prejudgment interest is awarded must comport with the theory of damages").
In the alternative, Defendant argues that prejudgment interest should be calculated beginning on July 31, 2009, the date the Court ordered the disgorgement. Defendant briefly reasons in a footnote that Plaintiffs did not have a claim to her rightfully paid *Page 10 
trustee fees until the Court issued its Order. As discussed in the Court's July 2009 decision, "while it [was] difficult to ascertain the exact value of losses to the Trust property caused by Pamela's actions, they nonetheless caused some loss," and it was this loss for which the disgorgement provided compensation. Sargent, No. PC-08-1429, 2009 R.I. Super. LEXIS 109 at *73, 2009 WL 3328560. Thus, the loss and the cause of action accrued at some point prior to Plaintiffs filing their claim. In ordering the disgorgement, the Court merely recognized that at least as of the date Plaintiffs filed their Complaint, they were legally entitled to damages to compensate them for loss to the Trust property, however difficult to ascertain.
Plaintiffs, on the other hand, reason that the Court "specifically assessed compensatory damages in the form of disgorgement for Pamela's negligent and improper actions," and therefore, prejudgment interest should be calculated from Pamela's first negligent and improper action. Sargent, No. PC-08-1429, 2010 R.I. Super. LEXIS 181 at *58. Specifically, Plaintiffs aver that Pamela's improper actions began on November 26, 1999, the date of Diane's death. Plaintiffs emphasize that immediately upon assuming her role as trustee, Pamela began improperly withholding information from Kennett and Jeffrey regarding the value of their Trust shares and failing in her duty to inquire into Kennett's life circumstances to ensure proper administration of his special needs trust. At the same time, Plaintiffs agree with Defendant — and this Court — that a cause of action accrues for purposes of awarding prejudgment interest on the precise date the plaintiff began to incur damages. SeeBarbato, 794 A.2d at 471. In error, Plaintiffs assert that the exact date upon which the Trust began to suffer damages is ascertainable as the precise date of Diane's death. It appears to the Court that Plaintiffs have improperly conflated *Page 11 
Pamela's various breaches of trust with the resulting loss to the Trust. In effect, Plaintiffs argue that because Pamela's improper activities began immediately upon Diane's death, that is also the exact date that the Trust incurred a loss. Based on the record before it, the Court simply cannot make such a finding.
The Court finds no evidence from which it can pinpoint the exact date of the Trust's losses, and accordingly holds that Buckley is controlling. See Buckley,368 F. Supp. 2d at 172-73 (holding interest should be calculated from the date of the complaint where the date damages began was in dispute). To be sure, Pamela's negligence began well before — and Plaintiff's loss was realized some time before — Plaintiffs filed their Complaint. However, the Court has already conceded that it could not ascertain the precise value of the Trust's losses. Sargent, No. PC-08-1429, 2009 R.I. Super. LEXIS 109 at *73, 2009 WL 3328560 ("[W]hile it is difficult to ascertain the exact value of losses to the Trust property caused by Pamela's actions, they nonetheless caused some loss."). To now identify the exact date those unascertained losses were incurred based upon the very same record is not possible. This case is thus distinguishable from the majority of cases in which courts have held that prejudgment interest began to accrue on the exact date of the loss. See, e.g., Gupta,385 F. Supp. 2d at 167; Blue Ribbon Beef, 696 A.2d at 1229;Miller, 513 A.2d at 603.
Mindful that prejudgment interest is not a form of damages and that a premature accrual date would result in a windfall to the Plaintiffs, the Court looks to the earliest date upon which it can be certain that Plaintiffs had incurred a loss. SeeBarbato,794 A.2d at 472 (citing DiMeo, 502 A.2d at 826). The Court holds that March 10, 2008, the date *Page 12 
Plaintiffs filed their Complaint, is the appropriate date from which the clerk should calculate prejudgment interest. This holding is consistent with the Buckley Court's position and in keeping with the dual purposes of prejudgment interest: "(1) to promote early settlement of claims, and (2) to compensate plaintiffs for the loss of use of money rightfully owed." Buckley,368 F. Supp. 2d at 171 (internal citations omitted).
 III Conclusion
In response to Defendant's Motion for Reconsideration, Instructions, and/or Clarification, which this Court treats as one for clarification, the Court holds that prejudgment interest on the $43,628 in disgorged trustee fees shall be calculated from March 10, 2008. Counsel shall prepare an appropriate order for entry.
 *Page 1